UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re*: Daniel C. Allen,<br>Attorney at Law, Bar No. 14341 | Case No. 2:23-ms-00059-MMD<br><br>ORDER OF SUSPENSION |

**I.  SUMMARY**

This is an attorney discipline matter. Before the Court is Daniel C. Allen's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order of Suspension filed by the Nevada Supreme Court ("NSC") on August 17, 2023. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Attorney Allen from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Attorney Allen' compliance with the probationary conditions the NSC imposed on him. However, Attorney Allen may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.  BACKGROUND**

Attorney Allen was suspended by the NSC following his conditional guilty plea to a charge that he violated RPC 1.1 (competence), 1.3 (diligence), and 1.4 (communication). (ECF No. 1 at 4.) He agreed to a one-year suspension, stayed for eighteen months, provided he complies with certain probationary conditions. (*Id.* at 5-6.)

1  That means that the NSC will release Attorney Allen from probation in 2025 assuming he
2  complies with the conditions imposed on him.
3      This Court issued the OSC as to why Attorney Allen should not be suspended from
4  practice in this Court on October 24, 2023. (*Id.*) Attorney Allen filed his Response on
5  November 22, 2023. (ECF No. 4.) In his Response, Attorney Allen argues the Court
6  should not reciprocally suspend him with an actual suspension because he is still able to
7  practice in Nevada state court, where he received a stayed suspension, he is complying
8  with the NSC's probationary conditions, and mitigating factors present in his case favor a
9  fully reciprocal suspension that would still permit him to practice before this Court. (*Id.* at
10  2-5.)

11  **III.   DISCUSSION**

12      This Court imposes reciprocal discipline on a member of its bar when that person
13  is suspended or otherwise disciplined by a state court unless it determines that the state's
14  disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir.
15  2002). Specifically, the Court will only decline to impose reciprocal discipline if the
16  attorney subject to discipline presents clear and convincing evidence that:

17  (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to
18  be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on
19  that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's
20  conclusion(s).

21  LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney
22  bears the burden by clear and convincing evidence).
23      The Court will suspend Attorney Allen from practice before this Court because the
24  NSC's disciplinary adjudication regarding Attorney Allen following his conditional guilty
25  plea appears to have been proper, and he presents no clear and convincing evidence to
26  the contrary. Further, and as noted above, while Attorney Allen does appear to be allowed
27  to practice in the Nevada state courts, he is also subject to probationary conditions that
28

1 this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 5-6.)

Despite Attorney Allen' valid arguments in his Response, the Court sees no substantial reasons not to suspend Attorney Allen based on its review of the record. *See* LR IA 11-7(e)(3). The Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system. The Court does not wish to create an exception for Attorney Allen in this case. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Allen is not currently in good standing with the NSC. Thus, he cannot currently satisfy a prerequisite for admission to the bar of this Court. Moreover, as noted both above and in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Allen. The Court will therefore suspend Attorney Allen.

That said, Attorney Allen is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Attorney Allen has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC, such as a letter from the Nevada State Bar confirming he successfully discharged his probation.

///
///
///
///

**IV.   CONCLUSION**

It is therefore ordered that Daniel C. Allen, Bar No. 14341, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 30th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of the United States District Court, and that on this 1st Day of December 2023, I caused to be served a true and correct copy of the foregoing Order of Suspension to the following parties via Certified Mail, Return Receipt Requested, via the United States Postal Service, in a sealed envelope, postage prepaid, to the following address:

>Daniel C. Allen
>c/o David A. Clark
>9900 Covington Cross, Ste. 120
>Las Vegas, NV 89144

Certified Mail No.: 7020 3160 0000 7420 4927

>/s/ Sharon H.
>Deputy Clerk
>United States District Court,
>District of Nevada